IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

EUGENE ASOMANI WILLIAMS,

Movant,

v. 1:13-CR-464 (LMB)

UNITED STATES OF AMERICA,

Respondent.

MEMORANDUM OPINION

Before the Court is Eugene Asomani Williams' ("Williams" or "movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Dkt. No. 70], Oct. 21, 2015 ("Motion") in which he argues that the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551, 2557 (2015), invalidated the Career Offender enhancement applied to his sentence pursuant the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4B1.1. In addition, Williams initially raised arguments regarding the effectiveness of his trial counsel, which were subsequently withdrawn from consideration after he obtained counsel. See Reply to the Gov't's Resp. to the Mot. to Vacate, Correct, or Amend the Petitioner's Sent. Under 28 U.S.C. § 2255 at 1 [Dkt. No. 79], Dec. 29, 2015 ("Reply"). The government has responded to the motion. Gov't's Rep. to Petitioner's Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sent. [Dkt. No. 76], Dec. 14, 2015 ("Gov't Opp'n").

Having reviewed the entire record, the Court finds no merit to Williams' motion, which will be dismissed.

## I. BACKGROUND

On November 21, 2013, Williams was indicted on one count of conspiracy to distribute one kilogram or more of heroin resulting in death in violation of 21 U.S.C. § 846 and one count of possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A). Indictment at 1, 5 [Dkt. No. 18], Nov. 21, 2013. The indictment charged Williams with dealing heroin that caused the death of at least three individuals and possessing a firearm in the course of those activities. Id. ¶¶ 10, 14, 11.

On January 22, 2014, Williams pleaded guilty under a written plea agreement to both counts of the indictment. Plea Agr. ¶ 1 [Dkt. No. 40], Jan. 22, 2014; Plea Hr'g Tr. 34:4-9, 34:24-35:10 [Dkt. No. 64], Jun. 13, 2014. Count I exposed Williams to a mandatory minimum of ten years to a possible maximum of life imprisonment, and Count II carried a mandatory minimum of five years to a possible maximum of life imprisonment, which had to be served consecutively to any term of imprisonment imposed for Count I. Plea Agr. ¶ 1; Plea Hr'g Tr. 14:8-23.

The Presentence Investigation Report ("PSR") prepared in advance of Williams' sentencing reflected past convictions for which he received nine criminal history points, which placed him in a criminal history Category IV for purposes of the Sentencing Guidelines. PSR at 29 [Dkt. No. 43], Apr. 9, 2014. These convictions, which included a juvenile conviction for simple assault, and adult convictions for possession of marijuana, conspiracy to distribute controlled substances, distribution of cocaine, assault with a deadly weapon, possession of an unregistered firearm, and conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, reveal Williams' long history of criminal activity. PSR ¶¶ 38-44. As a result of his criminal history, the PSR provided that "Mr. Williams [] received an enhancement for Career Offender, pursuant to § 4B1.1, as he has two or more prior felony convictions for crimes

of violence or controlled substance offenses. This enhancement has no real effect on his total offense level, but it results in an increase of his criminal history category to VI." PSR ¶ 56. The undisputed offense level was 40. Id. at 30; Sent. Hr'g Tr. 2:22-3:12. The Sentencing Guidelines at that time provided that with an offense level of 40, a criminal history in Categories III-VI would have resulted in the same guideline range of 360 months to life.[1]

Williams was sentenced on April 18, 2014 to 300 months of incarceration as to Count I and 60 months incarceration as to Count II consecutive to Count I, for a total sentence of 360 months incarceration followed by a total of five years of supervised release and other penalties. J. as to Eugene Asomani Williams [Dkt. No. 50], Apr. 18, 2014. In addition, the Court imposed a restitution obligation of $54,128. Rest. Order [Dkt. No. 52], Apr. 18, 2014. Williams' sentence of 300 months incarceration on Count I was a 60 month variance from the bottom of the guidelines range for that count. PSR at 30; Sent. Hr'g Tr. 16:16-20.

## II. DISCUSSION

Williams argues that the Supreme Court's decision in Johnson, 135 S. Ct. at 2557, which deemed the Armed Career Criminal Act's ("ACCA") residual clause unconstitutionally vague, applies with equal force to the parallel language of the Career Offender enhancement in U.S.S.G. § 4B1.1, and therefore that his sentence should be vacated. The government argues in response that errors involving Sentencing Guidelines enhancements are not cognizable on collateral review, and even if such enhancements were cognizable, Johnson's holding bears no relevance to Williams' sentence.

### A. Standard of Review

[1] During the plea colloquy, the parties discussed Williams' criminal history and at that time believed it to be Category III, Plea Hr'g Tr. 18:25-19:9, which would have resulted in the same range as the one he received when his criminal history was increased to a Category VI.

A motion to vacate under 28 U.S.C. § 2255 provides for collateral attack on a conviction or sentence when the conviction or sentence was imposed in violation of the United States Constitution or laws, when the court lacked jurisdiction to impose the sentence, when the sentence was in excess of the maximum authorized by law, or when the conviction or sentence is otherwise subject to a collateral attack. See 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, a movant bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. See Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

Relief under § 2255 is designed to correct for fundamental constitutional, jurisdictional, or other errors, and it is therefore reserved for situations in which failing to grant relief would be "inconsistent with the rudimentary demands of fair procedure or constitute[] a complete miscarriage of justice." United States v. Vonn, 535 U.S. 55, 64 (2002) (quoting United States v. Timmreck, 441 U.S. 780, 783 (1979)). A § 2255 motion "may not do service for an appeal," and claims that have been waived are therefore procedurally defaulted unless the movant can show cause and actual prejudice. United States v. Frady, 456 U.S. 152, 165-67 (1982).

**B. The Application of Johnson to Williams' Sentencing Enhancement Under U.S.S.G. § 4B1.1**

Although movant argues that Johnson is applicable to this case, as the government correctly argues, it clearly is not. In Johnson, the Supreme Court found that the residual clause of the ACCA was impermissibly vague and therefore violated constitutional due process. 135 S. Ct. at 2563. The ACCA requires a mandatory minimum sentence of fifteen years of imprisonment for a defendant who violates 18 U.S.C. § 922(g), which criminalizes the possession or transport of firearms by certain categories of people, including felons, when that person has three prior convictions for "violent felon[ies]" or "serious drug offense[s]." 18 U.S.C. § 924(e)(1). The ACCA describes "violent felony" offenses in two clauses: the elemental clause enumerating

certain crimes like burglary and arson and the residual clause encompassing offenses "involv[ing] conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). It was the residual clause that the Johnson Court deemed unconstitutionally vague. Recently, in Welch v. United States, 136 S. Ct. 1257, 1268 (2016), Johnson's holding was made retroactive to cases on collateral review.

Williams' substantive claim relies on speculation that his sentence was the result of an enhancement under § 4B1.1 based on an identically-worded residual clause because "the decision of the district court in issuing [his] sentence does not specify under which portion of § 4B1.1 [his] enhancement was based." Reply at 8. Under § 4B1.1, a defendant is deemed a Career Offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

The government responds to Williams' argument by asserting that his Career Offender status was based on at least two prior felony convictions for "controlled substance offense[s]," which do not implicate the residual "crime of violence" clause. Gov't Opp'n at 27; 135 S. Ct. at 2563. In support of that argument, the government contends that Williams met the requirements of U.S.S.G. § 4B1.1 because he was over 18 years old at the time he committed the two felony offenses for which he was being sentenced, and at that time he had previously been convicted of at least two felony convictions for controlled substance offenses. Gov't Opp'n at 28-29. Specifically, the government points to convictions identified in Williams' PSR from 1999, 2000, and 2010, respectively, which were for either a substantive controlled substance offense or a conspiracy to distribute controlled substances. Id. at 29 (citing PSR ¶¶ 40, 41, 44). All of these

controlled substance offenses were categorized as felonies under the laws of the relevant jurisdictions. Id. Williams does not challenge the accuracy of this description of his criminal history, nor does he even mention these controlled substance convictions in his original motion or in his reply. Motion at 14; Reply at 8. Rather, he argues that because neither the Court nor the PSR explicitly stated that the Career Offender enhancement was based on the "controlled substance offense" prong, "any claim that the residual clause was not utilized is specious at this time." Reply at 8.

Although the Court and the PSR did not articulate the precise convictions upon which the Career Offender enhancement was based, see PSR ¶ 56; Sent. Hr'g Tr. 15:21-16:4 ("you're a career offender with two serious felony convictions on your record"), the controlled substance convictions referenced by the PSR provide more than adequate support for the application of a Career Offender enhancement. Furthermore, the Court's Statement of Reasons justifies the sentence imposed in part because of "the defendant's career offender status and long term heroin distribution which establish that he poses an ongoing risk to the community." Stmt. of Reasons. Accordingly, the record supports a finding that the Career Offender enhancement was applied based on the elemental, rather than the residual, clauses of U.S.S.G. § 4B1.2.

Even if the Court had used the residual clause to determine Williams' Career Offender status, any error under the facts of this case would be harmless because that enhancement had no material effect on the sentence. Before the Career Offender enhancement was applied, Williams' criminal history placed him in Category IV. PSR at 29. With the enhancement, it went up to a Category VI. Id. at 30. The undisputed offense level for Count I was 40. PSR at 30; Sent. Hr'g Tr. 2:22-3:12. When Williams was sentenced, the guideline range for an offender whose offense level was 40 remained the same, 360 months to life, regardless of whether the defendant had a

criminal history Category III, IV, V, or VI. U.S.S.G. Sent. Table (Nov. 2013). Not only was Williams subject to the same guidelines range with or without the enhancement, it is also undisputed that the sentence on Count I was actually 60 months below the 360 months to life guideline range. As such, Williams is unable to show that he suffered any deprivation of a constitutional right or that a miscarriage of justice occurred when he was sentenced.

III. CONCLUSION

For the reasons stated above, Williams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Dkt. No. 70] will be dismissed by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 9th day of May, 2016.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge